CIACCIO, Judge.
Plaintiffs appeal from a district court judgment maintaining an exception of no cause of action filed by two of the defendants. We find that plaintiffs’ petition states a cause of action against these two defendants. We, therefore, reverse the judgment of the district court and remand the matter for further proceedings.
Defendants-appellees are a lawyer and his malpractice insurer. Plaintiffs bring this action in connection with a simulated sale of real property passed before the lawyer acting as a notary. Defendants filed an exception of no cause of action and a motion for summary judgment. The trial *1248 court maintained the exception but did not rule on the motion for summary judgment. This appeal is from the judgment maintaining the exception.
The peremptory exception of no cause of action tests the legal sufficiency of the petition, and is triable on the face of the papers. For the purpose of determining the validity of the exception, all well-pleaded allegations of fact are accepted as true, and if the allegations set forth a cause of action as to any part of the demand, the exception must be overruled. No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La.C.C.P. Arts. 927, 981; Haskins v. Clary, 346 So.2d 193 (La.1977).
Plaintiffs’ petition alleges that the apparent vendee in this simulated sale mortgaged the property to plaintiffs’ detriment, ultimately necessitating sale of the property to avoid foreclosure. Plaintiffs further allege that this damage resulted from defendant lawyer’s failure to record the counter letter, and his failure to adequately advise his clients of the consequences of not recording the counter letter. The lawyer’s clients were plaintiff Imelda Richards and her husband Robert Richards, who is deceased. Plaintiff Robert Richards, Jr. sues in his capacity as his father’s heir.
Defendant lawyer admits that the counter letter was not recorded. He argues in support of the exception that the unrecorded counter letter remains valid and binding as between the parties to the sale, apparently implying that plaintiffs have suffered no damages. He further asserts that he fulfilled his duty to adequately advise his clients of the consequences and ramifications of the transaction for which he was employed as counsel.
Averments which only deny allegations of the petition, in effect raising defenses to the action which will require evidence for support, do not constitute grounds for maintaining an exception of no cause of action. Whether plaintiffs have been damaged, whether defendant fulfilled his professional duty, and if not, whether his shortcomings caused plaintiffs harm (all as alleged in the petition) are all issues which will be resolved on the basis of evidence directed toward the merits of the cause of action outlined by the petition. The petition states a cause of action. The exception was improperly maintained.
Accordingly, the judgment of the district court maintaining the exception of no cause of action is reversed. The exception is denied. This matter is remanded to the district court for further proceedings consistent with this opinion. All costs of this appeal shall be paid by defendants-appel-lees.
REVERSED AND REMANDED.